# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN A. PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2219-JWL |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security disability(SSD) benefits and Supplemental Security income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's failure to discuss the third-party opinions of M. Steele, an employee of the agency, regarding the severity of Plaintiff's impairments, the court ORDERS that the Commissioner's decision

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

is REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING that decision for further proceedings.

I.      Background

Plaintiff applied for SSD and SSI on January 9, 2009, alleging disability beginning August 15, 2008. (R. 14, 113-20).[2] The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. 14, 50-53, 74). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Evelyn M. Gunn on November 10, 2010. (R. 14, 22-24). At the hearing, testimony was taken from Plaintiff and from a vocational expert. (R. 14, 22-49). On December 21, 2010 ALJ Gunn issued her decision, finding that although Plaintiff has severe mental impairments of attention-deficit hyperactivity disorder and bipolar disorder, he has sufficient residual functional capacity (RFC) to perform his past relevant work both as generally performed and as actually performed. (R. 14-21).

Plaintiff requested Appeals Council review of the ALJ's decision, and submitted a letter explaining the errors he believed the ALJ committed in reaching her decision along with an opinion letter provided by Plaintiff's treating psychiatrist. (R. 10, 263-64, 387). The Council issued an order making counsel's letter and the psychiatrist's opinion letter a part of the administrative record, and considered that evidence. (R. 1, 4). Nevertheless, it

---

[2]As the ALJ found, Plaintiff's "Application Summary for Disability Insurance Benefits" indicates disability began August 15, 2008. (R. 119). However, the "Application Summary for Supplemental Security Income" indicates disability "began on January 1, 1988." (R. 113). The Commissioner may address this ambiguity on remand.

2

determined that the evidence did not provide a basis to change the ALJ's decision, found no reason under Social Security Administration rules to review the decision, and denied the request for review. (R. 1-4). Therefore, the ALJ's decision became the final decision of the Commissioner; (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006); and Plaintiff now seeks judicial review of that decision. (Doc. 1).

**II.     Legal Standard**

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute

[its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).

When deciding if substantial evidence supports the ALJ's decision, the mere fact that there is evidence in the record which might support a contrary finding will not establish error in the ALJ's determination. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and noting that "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is disabled only if he can establish that he has a physical or mental impairment which prevents him from engaging in any substantial gainful activity, and

which is expected to result in death or to last for a continuous period of at least twelve months. Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084.  The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability.  20 C.F.R. § 404.1520 (2010);[3] Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses

---

[3]Because the Commissioner's decision was issued on December 21, 2010, all citations to the Code of Federal Regulations in this opinion refer to the 2010 edition of 20 C.F.R. Parts 400 to 499, revised as of April 1, 2010, unless otherwise indicated.

5

claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred in weighing the opinion of his treating psychiatrist, Dr. Risk, and the opinion of a non-examining physician, Dr. Schlosser. He claims error in the ALJ's failure to discuss the recorded observations of an employee of the agency, M. Steele; and in the failure to properly evaluate Plaintiff's past relevant work at step four of the sequential evaluation process. The Commissioner argues that the ALJ properly evaluated the medical opinions and that although the ALJ did not specifically discuss the third-party statements, they were largely cumulative of Plaintiff's own allegations and as such the failure to discuss them does not require reversal. Finally, she argues that the vocational expert (VE) assessed Plaintiff's past relevant work, that the ALJ cited the VE

testimony approvingly and was entitled to rely on that testimony in comparing the RFC assessed with the physical and mental demands of Plaintiff's past relevant work at step four of her evaluation. The court agrees with Plaintiff that the ALJ committed reversible error in failing to discuss and evaluate the opinions of the agency employee, M. Steele. While the court recognizes that there may be merit to Plaintiff's argument regarding the ALJ's evaluation of the medical opinions, remand is necessary in this case because of the ALJ's error in evaluating the opinions of the agency employee. Therefore the court will not address the other issues here, but the Commissioner would be wise to consider them on remand.

## III.    Consideration of Opinions of Lay Witnesses

In his Social Security Brief, Plaintiff claims that the ALJ failed to consider third-party information and observations. He argues that the administrative record contains no fewer than four third-party statements, and that the "decision is completely silent regarding this evidence and the weight given" (Pl. Br. 17) it despite the regulatory requirement to consider all third-party opinions when making a credibility determination and when assessing RFC. Plaintiff specifically points to the observations of M. Steele, an agency employee, recorded in a field office disability report completed by M. Steele on January 15, 2009 when Plaintiff came in to apply for disability. (Pl. Br. 16-17) (citing R. 146-47). Plaintiff quotes the holding in <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996) that "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely on, as well as

7

significantly probative evidence he rejects." (Pl. Br. 18). He argues that when an ALJ fails to discuss such evidence, it is reversible error. Id. (citing Grogan v. Barnhart, 399 F.3d 1257 (10th Cir. 2005) (without pinpoint citation).

The Commissioner argues that even though "the ALJ did not specifically discuss the third-party statements, her credibility finding is supported by substantial evidence and should be affirmed." (Comm'r Br. 9-10). The Commissioner points to two third-party function reports completed by Plaintiff's father and mother, notes that the ALJ did not specifically discuss these statements, argues that the statements were largely cumulative of Plaintiff's own statements, and concludes that a failure to discuss such "largely cumulative" statements does not require reversal. (Comm'r Br. 11-13) (citing Davis v. Astrue, 237 F. App'x 339, 342 (10th Cir. 2007); Hackett, 395 F.3d at 1173; Clifton, 79 F.3d at 1009-10). In a footnote, the Commissioner responds to Plaintiff's allegations regarding M. Steele's opinions, argues that M. Steele's observations "are inconsistent with the medical evidence as discussed above," and argues that there "appear to be only two third-party statements in the record." (Comm'r Br. 12, n.1).

In his Reply Brief, Plaintiff points to four third-party statements--the function reports completed by his father and by his mother, a work activity report completed by a former supervisor, and the observations provided in the field office disability report completed by M. Steele. (Reply 8) (citing R. 146-47, 184-202). He argues that the observations of M. Steele constitute third-party opinions as contemplated by the regulations, and that the regulations and rulings require consideration of the observations

8

of agency employees. (Reply 8) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 85-16; SSR 96-7p). Plaintiff also argues that the case law cited by the Commissioner should be distinguished in the circumstances of this case because although the ALJ stated that she had considered all of the evidence, there is nothing in the decision here to demonstrate that she had considered any of the third-party statements.

### A. Standard for Considering Third-Party Statements

As Plaintiff asserts, Social Security regulations provide that the Commissioner will consider opinion evidence from third-parties, including employees of the agency, when evaluating the credibility of a claimant's allegations of symptoms, and when assessing RFC for the claimant. 20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4) (evidence provided by "other non-medical sources" such as spouses, parents, care-givers, relatives, friends, or neighbors may be used "to show the severity of your impairment(s) and how it affects your ability to work"); 404.1529(c)(3), 416.929(c)(3) (In determining the credibility of a claimant's allegations of symptoms, the Commissioner will "consider all of the evidence presented, including . . . observations by our employees and other persons."). The Commissioner has also promulgated Social Security Rulings (SSR): Explaining how adjudicators will evaluate opinion evidence from "other sources," SSR 06-03p, West's Soc. Sec. Rep. Serv., Rulings 327-34 (Supp. 2013) (the opinions of "other" non-medical sources such as spouses, parents, friends, and neighbors, must be considered in reaching the decision); Explaining how adjudicators will evaluate the credibility of a claimant's allegations of symptoms, SSR 96-07p, West's Soc. Sec. Rep. Serv., Rulings 133-42

9

(Supp. 2013) (Adjudicators will consider other sources of information such as family and friends, and any observations recorded by SSA personnel.); And, explaining how adjudicators will evaluate RFC when the claimant has mental impairments. SSR 85-16, 1983-1991 West's Soc. Sec. Rep. Serv., Rulings 352-56 (1992) ("Descriptions and observations of the individual's restrictions by . . . other sources (including Social Security Administration representatives, such as district office representatives . . .) . . . must also be considered in the determination of RFC.").

The Tenth Circuit has also considered the Commissioner's duty to consider third-party opinion evidence. Blea, 466 F.3d at 914-15; Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996). In Adams, the court "decline[d] claimant's invitation to adopt a rule requiring an ALJ to make specific written findings of each witness's credibility, particularly where the written decision reflects that the ALJ considered the testimony." 93 F.3d at 715. The Adams court found "that the ALJ considered the testimony of claimant's wife in making his decision because the ALJ specifically referred to it in his written opinion," and the court found no error in the ALJ's failure to make specific, written findings regarding that testimony. Id. Thirteen years later, the Tenth Circuit confirmed the rule that an ALJ is not required to make specific written findings regarding third-party testimony so long as the written decision reflects that the ALJ considered that testimony. Blea, 466 F.3d at 915.

In Blea, the plaintiff argued that remand was necessary because the ALJ failed to discuss or consider the lay testimony of the plaintiff's wife. Blea, 466 F.3d at 914. The

Commissioner's decision in <u>Blea</u> did not mention any particulars of Mrs. Blea's testimony, and never even mentioned that she had testified regarding the nature and severity of her husband's impairments. <u>Id.</u> at 914. The Commissioner asserted that there was no reversible error because the ALJ is not required to make written findings about each witness's credibility. <u>Id.</u> The court noted that the Commissioner had stated only part of the rule in this circuit and corrected the Commissioner, "[i]n actuality, the ALJ is not required to make specific written findings of credibility only if 'the written decision reflects that the ALJ considered the testimony.'" <u>Id.</u> at 915 (quoting <u>Adams</u>, 93 F.3d at 715). The <u>Blea</u> court noted that the ALJ had not mentioned Mrs. Blea's testimony or referred to the substance of her testimony anywhere in the written decision, and concluded that "it is not at all clear that the ALJ considered Mrs. Blea's testimony in making his decision." <u>Id.</u> (internal quotation marks, brackets, and citation omitted). Therefore, the case was remanded for the Commissioner to consider Mrs. Blea's testimony properly. <u>Id.</u>

Thus, the law in the Tenth Circuit is clear with regard to opinion testimony or statements from lay witnesses such as spouses, parents, friends, and neighbors. The decision must reflect that the ALJ included the opinion in his consideration of disability, but he need not specify the particular weight accorded to that opinion.

### B. Analysis

As Plaintiff argues, the decision at issue here is utterly silent regarding any of the third-party opinions. Therefore, in so far as the decision reveals, the court is unable to

11

determine whether the ALJ was even aware of the third-party opinions. The Commissioner admits that the ALJ did not discuss the opinions, but she attempts to overcome this obstacle by arguing that the statements of Plaintiff's parents were "largely cumulative" of Plaintiff's own statements, and that Davis, 237 F. App'x at 342 stands for the principle that a failure to discuss such "largely cumulative" statements does not require reversal. Although Plaintiff asserts that Davis can be distinguished in the circumstances of this case, he does not point to any of his parent's statements which are not "largely cumulative" of his own testimony and would therefore fall outside the holding of Davis. Moreover, Plaintiff points to none of his former supervisor's opinion which is contrary to the ALJ's decision. Therefore, the court finds no error in the ALJ's failure to discuss the opinions of Plaintiff's parents or of his former supervisor.

However, the same rationale does not apply to the ALJ's consideration of the observations of M. Steele. Plaintiff specifically cited M. Steele's statements that Plaintiff had difficulties with coherency, concentration, and memory; that Plaintiff had a blank look during most of the interview; that Plaintiff stated he did not follow through on anything; and that Plaintiff did not have a lot of insight into how his condition affects him. (Pl. Br. 16-17) (citing R. 146). The court's review reveals that the record evidence supports Plaintiff's understanding of M. Steele's opinion. The Commissioner's only argument regarding this opinion was that it is "inconsistent with the medical evidence as discussed above." (Comm'r Br. 12, n.1).

The court notes that the Commissioner's argument is not the rationale of the ALJ. As noted above, the ALJ simply did not discuss or otherwise acknowledge the opinion in her decision. The court may not affirm the ALJ's decision on the basis of counsel's post-hoc rationalization. Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985). The decision should be evaluated based solely on the reasons stated therein. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). Moreover, although the record contains medical evidence which is inconsistent with the observations of M. Steele, the record is equivocal and it also contains medical evidence consistent with M. Steele's observations. As but two examples of such consistencies, the court notes that the record contains medical evidence that Plaintiff suffer's from auditory hallucinations (R. 18) (citing medical treatment records which reflect auditory hallucinations), and the opinion of Dr. Risk, Plaintiff's treating psychiatrist, suggests that Plaintiff has marked and extreme limitations in mental abilities which is consistent with the observations of M. Steele. (R. 356-60). The court cannot confidently say that no reasonable administrative factfinder, following the correct analysis and properly considering M. Steele's observations, would have resolved the matter differently than did the ALJ. Therefore, it must conclude that M. Steele's observations constitute significantly probative evidence which the ALJ failed to discuss in his decision as required by Clifton, 79 F.3d at 1009-10. Remand is necessary for the Commissioner to properly consider and discuss the observations of M. Steele.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING that decision for further proceedings consistent with this opinion.

Dated this 26th day of August 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**